J. S17044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                          :           PENNSYLVANIA
                v.             :
                          :
RONALD B. SMITH,          :          No. 1897 EDA 2018
                          :
            Appellant      :

Appeal from the PCRA Order Entered June 5, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1241201-1993

BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MAY 16, 2019**

Ronald B. Smith appeals ***pro se*** from the June 5, 2018 order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] was arrested and subsequently charged in connection with the fatal shooting of William Jones in Philadelphia in 1992. On July 22, 1994, following a non-jury trial before the Honorable Lisa A. Richette, [appellant] was convicted of first-degree murder and possession of an instrument of crime.[1] On the same date, the trial court sentenced [appellant] to life imprisonment. On April 3, 1996, following a direct appeal, the Superior Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied ***allocatur*** on September 24, 1996. [***See***

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

> ***Commonwealth v. Smith***, 679 A.2d 258 (Pa.Super.
> 1996), ***appeal denied***, 683 A.2d 881 (Pa. 1996).]
>
> [Appellant] filed his first ***pro se*** PCRA petition on
> November 4, 1996. Attorney Michael J. Farrell,
> Esquire, was appointed and subsequently filed an
> amended petition on September 29, 1998. The PCRA
> court denied relief on October 13, 1999. On April 30,
> 2001, the Superior Court affirmed the PCRA court's
> denial of post-conviction relief. [***See***
> ***Commonwealth v. Smith***, 778 A.2d 1248
> (Pa.Super. 2001).] [Appellant] did not seek
> ***allocatur*** in the Pennsylvania Supreme Court.
> [Appellant] was subsequently unsuccessful in
> obtaining collateral relief through a serial PCRA
> petition filed in 2012.
>
> On May 30, 2017, [appellant] filed the instant ***pro se***
> PCRA petition, his third. [Appellant] submitted a
> supplemental petition[,] which was reviewed jointly
> with his initial petition. Pursuant to Pennsylvania Rule
> of Criminal Procedure 907, [appellant] was served
> notice of the PCRA court's intention to dismiss his
> petition on April 3, 2018. [Appellant] submitted a
> response to the Rule 907 notice on April 24, 2018. On
> June 5, 2018, the PCRA court dismissed his PCRA
> petition as untimely. On June 20, 2018, the instant
> notice of appeal was timely filed to the Superior
> Court.[2]

PCRA court opinion, 8/15/18 at 1-2 (footnotes omitted).

Appellant raises the following interrelated issues for our review:

> I. [D]id the PCRA Court err, and commit reversible
> error when it failed to recognize a timely
> presented petition to the court, that was
> pertinent to the due process of the law with
> regards to final disposition of a (PCRA) petition

---

[2] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The PCRA court filed its Rule 1925(a) opinion on August 15, 2018.

by stating that petitioner failed to show due diligence?

II. Did the PCRA Court err, and commit reversible error when it dismissed [a]ppellant's petition without the benefit of a properly conducted evidentiary hearing to determine the credibility of the presented statement(s) in the form of [a] phone conversation with [C]ommonwealth witness Shawn Parker that led to the filing of the said petition, and therefore being able to render a fully informed legal opinion?

III. Did the PCRA Court err, and commit reversible error when it dismissed [a]ppellant's petition without the benefit of allowing appointed [PCRA] counsel to amend, and perfect [appellant's] petition by allowing counsel to retrieve the phone conversation between [appellant], Johnny Walls, and Commonwealth witness Shawn Parker?

Appellant's brief at VI.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on December 23, 1996, 90 days after the Pennsylvania Supreme Court denied allowance of appeal and the deadline for filing a petition for writ of **certiorari** in the United States Supreme Court expired. **See id.** Accordingly, appellant had until December 23, 1997 to file a timely PCRA petition. **See id.** at § 9545(b)(1). Appellant's instant petition was filed on May 30, 2017, more than 20 years after his judgment of sentence became final, and is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  "Any petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented."  ***Id.*** at § 9545(b)(2).[3]

Instantly, appellant invokes the "newly-discovered facts" exception to the PCRA time-bar based on a three-way telephone conversation he allegedly had with Commonwealth eyewitness Shawn Parker and his friend, Johnny Walls, on April 8, 2017, wherein he claims that Parker acknowledged that he falsely identified appellant as William Jones' murderer.  (Appellant's brief at 4-5.)  In support of this claim, appellant has attached a signed affidavit from Walls to his petition and brief detailing this conversation.  (***See*** appellant's brief at appendix, exhibit JW; ***pro se*** "motion", 2/15/18 at 3.)  Appellant contends that these "newly discovered facts" are exculpatory in

---

[3] A 2018 amendment to Section 9545(b)(2) substituted "within one year" for "within 60 days."  The effective date of the amendment is December 24, 2018, and the amendment applies to claims arising one year before the effective date or thereafter.  ***See*** Act 2018-146, § 3.  Here, because appellant's claim arose prior to December 24, 2017, the 60-day rule applies.

nature and warrant that a new trial be granted. (Appellant's brief at 4-10.) We disagree.

As noted, in order to prevail on a "newly-discovered facts" claim, appellant is required to demonstrate "that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis and numeration omitted), citing 42 Pa.C.S.A. § 9545(b)(1)(ii). Here, our review of the record reveals that appellant has failed to prove that the alleged "fact" that Parker was falsely inculpating him was unknown to him nor undiscoverable through the exercise of due diligence.

The record reveals that appellant argued that Shawn Parker falsely identified him as William Jones' murderer as early as his 1994 bench trial, cross-examined Parker with regard to the veracity of his testimony, and presented a witness who contended that Parker, and not appellant, was the shooter. (Notes of testimony, 7/21/94 at 355-398; 7/22/94 at 430.) Moreover, appellant acknowledged that he waited until November of 2004, a decade after his conviction, before writing the first of three letters to Parker requesting that he come forward and tell the truth. (Appellant's brief at 6 and appendix, exhibits 1-3.) Appellant has failed to demonstrate that his decision to wait more than ten years before attempting to contact Parker constituted a reasonable step to protect his own interests.

Under Section 9545(b)(1)(ii), "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires **reasonable efforts by a petitioner**, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Brown***, 141 A.3d 491, 506 (Pa.Super. 2016) (citation omitted; emphasis added). Clearly, appellant failed to undertake reasonable efforts in this instance. Based on the foregoing, we find that appellant has failed to demonstrate that his untimely petition satisfies the newly discovered fact exception to the statutory one-year time-bar.

Appellant next argues that the PCRA court erred in dismissing his PCRA petition without conducting an evidentiary hearing on all the aforementioned issues. (Appellant's brief at 11-13.) We disagree.

This court has long recognized that there is no absolute right to an evidentiary hearing. ***Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without

conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004).

As discussed, the PCRA court properly found that appellant failed to satisfy any of the statutory exceptions to the time-bar set forth in Section 9545(b)(1). Accordingly, we conclude that the PCRA court lacked jurisdiction to consider the merits of appellant's claim and discern no error on the part of the PCRA court in dismissing appellant's untimely petition without conducting an evidentiary hearing.

Lastly, appellant contends that the PCRA court erred in not allowing an appointed counsel "to amend[] and perfect" his third, untimely ***pro se*** petition. (Appellant's brief at 13-14).

It is well settled that a defendant has a rule-based right to court-appointed counsel for the first PCRA petition. ***See*** Pa.R.Crim.P. 904(A); ***Commonwealth v. Jackson***, 965 A.2d 280, 283 (Pa.Super. 2009). However, with respect to a second or subsequent PCRA petition, Rule 904(D) governs:

> On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.

Pa.R.Crim.P. 904(D). The comment explains "the rule now limits appointment of counsel on second or subsequent petitions so that counsel should be

appointed **only if** the judge determines that an evidentiary hearing is required." Pa.R.Crim.P. 904 *Comment* (emphasis added).

Here, there is no indication that the PCRA court appointed counsel let alone determined that an evidentiary hearing was required for appellant's third, untimely PCRA petition. Accordingly, appellant's final claim of PCRA court error is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19